IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. AP-75,570; AP-75,571; AP-75,572






EX PARTE RODNEY DALE SUMMERVILLE, Applicant








ON APPLICATIONS FOR WRIT OF HABEAS CORPUS


CAUSE NOS. 817992D, 817994D, & 818003D IN THE 371ST


DISTRICT COURT FROM TARRANT COUNTY






 Per curiam.


O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of less
than one gram of heroin, possession of more than four grams of cocaine, and possession of a firearm
by a felon. He was sentenced to sixty years' imprisonment after he was found to be a habitual
offender. The Second Court of Appeals affirmed his convictions. Summerville v. State,. Nos.
02-03-432-CR, 02-03-433-CR, and 02-03-434-CR (Tex. App. - Fort Worth, delivered November
15, 2005, no pet.).

 Applicant contends that his appellate counsel rendered ineffective assistance because counsel
failed to timely notify Applicant that his convictions had been affirmed. Appellate counsel filed an
affidavit with the trial court. Based on that affidavit, the trial court has entered findings of fact and
conclusions of law that appellate counsel failed to timely notify Applicant that his convictions had
been affirmed because counsel intended to file the petition himself, but failed to do so. The trial
court recommends that relief be granted. Ex parte Wilson, 956 S.W.2d 25 (Tex. Crim. App. 1997). 

 We find, therefore, that Applicant is entitled to the opportunity to file out-of-time petitions
for discretionary review of the judgments of the Second Court of Appeals in Cause Nos.
02-03-432-CR, 02-03-433-CR, and 02-03-434-CR that affirmed his convictions in Case Nos.
817992D, 817994D, and 818003D from the 371st Judicial District Court of Tarrant County, Texas. 
Applicant shall file his petitions for discretionary review with the Second Court of Appeals within
30 days of the date on which this Court's mandate issues.


Delivered: December 13, 2006

Do not publish